IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TREVOR L. LITTLE,

          Petitioner,

v.

                                              CIVIL ACTION NO.  2:99-cv-00123
                                              (Criminal No. 2:95-cr-00198-2)

UNITED STATES OF AMERICA,

          Respondent.

MEMORANDUM OPINION AND ORDER

## I.     Introduction

Pending before the court is the movant's Motion for Relief from Judgment or Order [ECF No. 779], pursuant to Federal Rule of Civil Procedure 60(b)(6). For the reasons that follow, the movant's Motion is **DISMISSED** for lack of jurisdiction.

## II.     Background

In 1995, the movant was indicted on various charges stemming from drug trafficking in the Southern District of West Virginia. In 1996, the movant was convicted on all four counts of the indictment in which he was charged. The movant was sentenced to three life terms on three of the counts of the indictment and a five-year term of imprisonment on the remaining count. The movant appealed his

sentence, and the Fourth Circuit affirmed his conviction and sentence in their entirety.[1]

On February 16, 1999, the movant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody [ECF No. 356], raising claims of ineffective assistance of counsel. On September 30, 1999, the district court denied the movant's § 2255 motion with prejudice. On February 24, 2000, the Fourth Circuit dismissed the movant's appeal of his §2255 motion on the reasoning of the district court and denied a certificate of appealability ("COA").

The movant filed the instant Motion for Relief from Judgment or Order [ECF No. 779], pursuant to Federal Rule of Civil Procedure 60(b)(6) on July 27, 2017, purportedly seeking to reopen the denial of his § 2255 motion based upon the Supreme Court's ruling in *Buck v. Davis*, 137 S. Ct. 759 (2017).

## III.  Legal Standard

Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "While this catchall reason includes few textual limitations, its context requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011).

---

[1] The movant's sentence was reduced to 360 months in 2016, based on a reduction in the applicable sentencing guideline.

District courts must review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). District courts "*must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *Id.* District courts lack jurisdiction to consider an application containing repetitive claims in the absence of pre-filing authorization. *Id.* at 205 (emphasizing that district courts have no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive application).

While there is no infallible test for distinguishing between a successive § 2255 motion and a Rule 60(b) motion, the Fourth Circuit has provided guidance on the issue. "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *Id.* at 207. For this reason, "a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications." *Id.*; *see also Gonzalez v. Crosby*, 545 U.S. 524, 531–33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition). "By contrast, an example of a proper Rule 60(b) claim is

an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings." *Id.*

## IV. Discussion

The court finds the movant's motion that purportedly seeks Rule 60(b) relief is actually an unauthorized successive § 2255 motion. The movant's Rule 60(b) motion allegedly relies on the Supreme Court's decision in *Buck v. Davis*, 137 S. Ct. 759 (2017), in seeking to reopen the denial of the movant's § 2255 motion.[2] However, the movant's Rule 60(b) motion erroneously cites *Buck* while raising the same claims he made in his § 2255 motion.

The movant "now asserts" in his Rule 60(b) motion that three of his six claims of ineffective assistance of counsel raised in his § 2255 motion "were nonwaivable issues, which do[] not fall within the realm of a tactical decision that c[an] be made by trial counsel." Pet.'s Mot. for Relief ("Pet.'s Mot.") [ECF No. 779] at 3. In doing so, the movant reasserts and reargues the same claims that were litigated in his § 2255 motion, including: (1) his right to be present at an "in chambers inquiry"; (2) his right to have counsel challenge a juror for cause; and (3) counsel's alleged concession of the movant's guilt. *Id.* The movant's Rule 60(b) motion occasionally cites to *Buck* to support such arguments, though *Buck* is entirely inapposite.[3]

---

[2] *Buck* held that in determining whether a movant is entitled to a COA following the denial of federal habeas relief, courts of appeals must determine only if a district court's decision was debatable rather than first deciding the merits of the appeal. *Id.* at 773–74.

[3] For instance, the movant cites to *Buck* to support his "assert[ion] that his right to plead 'not guilty' was denied" when his trial counsel "pleaded him guilty." Pet.'s Mot. 4. *Buck* simply did not address that issue.

By reasserting and rearguing the same claims raised in his §2255 motion, the movant's Rule 60(b) motion clearly attacks the substance of the federal court's resolution of his § 2255 claim on the merits, not a defect in the integrity of the federal habeas proceedings. *See Winestock*, 340 F.3d at 207 (a motion seeking a remedy for some defect in the collateral review process is generally a proper Rule 60(b) motion). "[N]ew legal arguments" generally signify that the movant is not seeking Rule 60(b) relief but rather continuing his collateral attack on his sentence or conviction. *Id.* Such is the case here. The court finds that the movant's claims are, in substance, § 2255 claims. For this reason, the court must treat the motion as seeking successive post-conviction relief. *See id.* at 206 (requiring courts to treat a motion as seeking successive post-conviction relief when failing to do so would permit the applicant to evade the bar against relitigation of claims presented in a prior application). The movant does not allege that he has obtained leave from the Fourth Circuit to file a successive § 2255 motion.

## V.    Conclusion

The movant's motion for Rule 60(b) relief is construed as an unauthorized successive § 2255 motion. As such, the Motion for Relief from Judgment or Order [ECF No. 779] is **DISMISSED** for lack of jurisdiction.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:      November 9, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE